PER CURIAM.
We affirm without discussion the trial court’s rejection of James C. Hoag’s claims in his postconviction motion which assail trial counsel. In its order of denial the trial court concludes that this court affirmed the denial of Hoag’s motion to withdraw his plea filed in June 1997. In that decision we affirmed the denial of Hoag’s motion which he had incorrectly filed pursuant to Florida Rule of Crim *102 inal Procedure 3.172(f), without prejudice to him to file a rule 3.850 motion. He has now filed such a motion and it is from its denial by the trial court that this appeal is taken. See Hoag v. State, 711 So.2d 572 (Fla. 2d DCA1997).
The only assertion in Hoag’s two motions in the trial court and subsequent appeals to this court which has not been correctly resolved is the unusual sworn allegation that upon acceptance of his plea the trial court allowed him an apparently unconditional right to withdraw the plea for a period of thirty days. He alleges that he timely accepted the trial court’s offer and moved to withdraw his plea. A transcript of the plea and sentencing hearing may well disclose that Hoag misunderstood elements of the plea colloquy. Nonetheless, until so refuted, Hoag’s sworn claim that he is entitled to have his plea withdrawn under the unorthodox arrangement he describes is facially sufficient and must be addressed by the trial court.
Affirmed in part, reversed in part, and remanded.
PARKER, C.J., and CAMPBELL and FRANK, JJ., concur.